UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

ROSANNA CURCIO,

               Plaintiff,

       -against-

COUNTY OF PUTNAM JUDGE VICTOR
GROSSMAN; DONNA E. ABRAMS; LAURA
ROBERTS; COUNTY OF PUTNAM,

             Defendants.

**ORDER OF DISMISSAL**

22 CV 1648 (VB)

---------------------------------------------------------

Briccetti, J.:

     Plaintiff Rosanna Curcio, proceeding *pro se*, asserts claims under 42 U.S.C. § 1983,

seeking damages, and possibly also seeking injunctive relief.  She names as defendants (1)

Justice Victor Grossman, of the New York State Supreme Court, County of Putnam; (2) Donna

E. Abrams, an attorney appointed by the State court to represent Plaintiff's minor children during

Plaintiff's divorce and child-custody proceedings; (3) Laura E. Roberts, Plaintiff's ex-husband's

attorney, and also a former part-time Putnam County Assistant District Attorney; and (4) the

County of Putnam.

     Plaintiff has paid the fees to bring this action, and the Clerk of Court has issued

summonses.[1] For the reasons discussed below, the Court dismisses this action.

---

[1]     In her complaint, Plaintiff reveals the full names and dates of birth of her minor children.
Under Rule 5.2(a)(2) and (3) of the Federal Rules of Civil Procedure, however, references in
court submissions to a minor child's full name may be made only by mentioning the child's
initials, and references to a person's date of birth may be made only by mentioning the person's
birth year. Accordingly, in an abundance of caution, the Court has directed the Clerk of Court to
restrict electronic access to the complaint to a "case-participant only" basis.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a federal civil action, if it determines the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court may also dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual

allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

### A.    The present complaint

Plaintiff alleges the following in the present complaint: On or about September 22, 2015, following the end of Plaintiff's divorce and child-custody proceedings before Justice Grossman in August 2015, Justice Grossman summoned Plaintiff and her ex-husband to an emergency conference that had been requested by their children's court-appointed attorney, Defendant Abrams. According to Plaintiff: "There was a back room conference that did not involve the parties. Apparently, allegations were made that the Plaintiff was interrogating [the] children." (ECF 1, at 3.) Following that conference, Justice Grossman ordered the children removed from Plaintiff's home and placed in the custody of Plaintiff's ex-husband's then-girlfriend (now wife). Plaintiff claims she did not have an opportunity to respond to the allegations made against her; she was not granted a hearing or other due process.

Plaintiff further alleges that Defendant Abrams failed to properly represent the children; she "misquoted" a mental-health professional's report to the state court and "overstepped her abilities to psychologically diagnose either parent." (*Id.* at 4.) Abrams also "deflected [Plaintiff's ex-husband's] anger management issue, and continued to make baseless and untrue allegations about Plaintiff to the [state] court." (*Id.*) On October 26, 2015, Plaintiff moved to end Abrams's representation of the children, but Justice Grossman denied that motion.

Justice Grossman granted custody of the children to Plaintiff's ex-husband. But, according to Plaintiff, in an order dated November 25, 2015, Justice Grossman cast doubt on any notion that Plaintiff's ex-husband "is a better parent." (*Id.* at 3.)

Plaintiff alleges that on July 25, 2016, Defendants Abrams and Roberts "had Plaintiff falsely arrested." (*Id.* at 4.) Plaintiff further alleges that at the time of Plaintiff's arrest, Roberts had not informed Plaintiff or Justice Grossman that Roberts was also a part-time Putnam County Assistant District Attorney. Plaintiff claims Roberts "had criminal charges filed against [Plaintiff] in order to harass her and cause the Plaintiff and her children harm" (*id.*), although Plaintiff was never convicted of a crime. Plaintiff says Roberts and Abrams "continued to use [Plaintiff's arrest to] Plaintiff's detriment." (*Id.*) She further claims she filed a complaint against Roberts with the Putnam County District Attorney's Office, and Roberts was fired from her position with that office.

According to plaintiff, during a subsequent state-court "parental alienation trial" that took place in April 2018, Plaintiff's ex-husband's wife "coached" the children to accuse Plaintiff of "touch[ing] . . . [them] inappropriately." (*Id.*) Plaintiff alleges Child Protective Services found no basis to substantiate such accusations, but Abrams had Plaintiff's son testify falsely against Plaintiff. Justice Grossman "dismissed the parental alienation trial and instead issued . . . a two year order of protection [against Plaintiff]," which was vacated or expired on August 28, 2020. (*Id.* at 5.)

Plaintiff alleges that on September 8, 2020, she successfully sought unspecified immediate injunctive relief from Justice Grossman arising from Plaintiff's ex-husband's failure to comply with a custody and visitation order. (*Id.*) She further alleges that eight days later, on September 16, 2020, Defendant Abrams, the court-appointed attorney for the children, emailed Justice Grossman to request "a continuance to submit . . . opposition papers" on behalf of Plaintiff's ex-husband; Plaintiff was not notified of that request. (*Id.*) According to Plaintiff,

despite Abrams's misconduct, Justice Grossman reappointed her to represent the children. Abrams has allegedly defrauded the government by submitting false pay vouchers. (*Id.*)

Plaintiff further alleges that in February and March 2021, Plaintiff requested to participate in her daughter's birthday celebration and that Justice Grossman recuse himself. Plaintiff claims Justice Grossman denied Plaintiff's request to recuse himself, and on April 19, 2021, he scheduled a hearing without notifying Plaintiff. According to plaintiff, after another "backroom conference" was held without Plaintiff, in an order prepared by Defendant Roberts (Plaintiff's ex-husband's attorney), Justice Grossman, on June 11, 2021, denied Plaintiff's request to participate in her daughter's birthday celebration due to Plaintiff's failure to appear. (*Id.* at 6.) Justice Grossman stated in that order that he retained jurisdiction over the matter unless another court had acquired jurisdiction. By that date, however, Plaintiff had brought an action against Justice Grossman in federal court. (*Id.* at 7.)

Plaintiff then made a second motion for Justice Grossman to recuse himself. Justice Grossman denied that motion, and set a trial date for May 9, 2022. (*Id.*)

**B.      Plaintiff's federal-litigation history**

On May 17, 2021, while Plaintiff's alleged request to participate in her daughter's birthday celebration was pending before Justice Grossman, Plaintiff filed a *pro se* action in this court under Section 1983, in which she named as defendants Justice Grossman, as well as Defendants Roberts and Abrams, and in which she proceeded *in forma pauperis* ("IFP"). *See Curcio v. Grossman*, 21 CV 4452 (LTS) (S.D.N.Y.) ("*Curcio I*").

By order dated June 15, 2021, Chief Judge Swain dismissed *Curcio I sua sponte*, but granted Plaintiff leave to replead her claims of malicious prosecution under Section 1983. (ECF 21 CV 4452, 6.) But because Plaintiff failed to file an amended complaint in response to that

order, Chief Judge Swain issued a Judgment dismissing *Curcio I* on August 4, 2021. (ECF 21

CV 4452, 7.) Plaintiff did not appeal.

Plaintiff filed her complaint commencing this action on February 28, 2022.

## DISCUSSION

Plaintiff asserts claims in this action that she either raised, or could have raised, in

*Curcio I*, and there are issues in this action that the court has previously adjudicated in *Curcio I*.

The Court will therefore explain why many of Plaintiff's claims must be dismissed under the

doctrine of claim preclusion or issue preclusion. The Court will also explain why Plaintiff's

claims must be dismissed for other reasons.

**A.      Claim preclusion**

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not

bring a new claim in a new civil action that was or could have been raised in an earlier civil

action in which the same parties were involved, if the original claim resulted in a judgment on

the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from

raising [claims] that could have been raised and decided in a prior action – even if they were not

actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589,

1594 (2020). If a litigant files a new civil action and "advances the same claim as an earlier suit

between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or

defenses to, recovery that were previously available to the parties, regardless of whether they

were asserted or determined in the prior proceeding.'" *Id.* at 1594-95 (quoting *Brown*, 442 U.S.

at 131). Claims are treated as the same if they "arise from the same transaction, or involve a

common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021)

(quoting *Lucky Brand Dungarees*, 140 S. Ct. at 1595 (citations and internal quotation marks

omitted)), *cert. denied*, 142 S. Ct. 775 (2022).

6

Claim preclusion generally applies if: "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (citation and internal quotation marks omitted). A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has [claim preclusion] effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of [claim preclusion] by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted). Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise that defense, *see Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 191 (2d Cir. 2017).

In *Curcio I*, Plaintiff asserted claims for damages under Section 1983 against Justice Grossman, as well as against Defendants Abrams and Roberts, arising from events that occurred during Plaintiff's divorce and child-custody proceedings between 2013 and March 8, 2021. (ECF 21 CV 4452, 6.) In her June 15, 2021, order, Chief Judge Swain dismissed Plaintiff's: (1) claims against Justice Grossman under the doctrine of judicial immunity and as frivolous; (2) claims against Defendant Abrams for failure to state a claim because Abrams is not a state actor;

(3) claims against Defendant Roberts for the same reason, and to the extent that Plaintiff sued Roberts in Roberts's role as a prosecutor, under the doctrine of prosecutorial immunity and as frivolous; (4) claims arising from Plaintiff's state-court proceedings under the *Rooker Feldman* doctrine; (5) claims of false arrest under Section 1983 as time-barred; and (6) claims of malicious prosecution under Section 1983 with leave to replead. (*Id.*) But because Plaintiff failed to file an amended complaint in response to that order, Chief Judge Swain issued a judgment dismissing *Curcio I* on August 4, 2021. (ECF 21 CV 4452, 7.) Plaintiff did not appeal.

In the present action, the Court must dismiss, under the doctrine of claim preclusion, Plaintiff's claims under Section 1983 that Plaintiff either previously raised or could have raised in *Curcio I*, against Defendants Abrams and Roberts, that arise from those defendants' representation of Plaintiff's children or ex-husband, or from their causing Plaintiff's arrest, during the events alleged in *Curcio I*. The relevant claims in *Curcio I* against those defendants were dismissed on the merits for failure to state a claim. (*Id.* at 5-6, 7-8.) Accordingly, the Court dismisses, for failure to state a claim, any of Plaintiff's claims raised in the present action against Abrams and Roberts arising from those defendants' representation of Plaintiff's children or ex-husband, or from their causing Plaintiff's arrest, that arise from events alleged in *Curcio I*.[2] *See Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (a dismissal for claim preclusion is a dismissal for failure to state a claim).

## B.    Issue preclusion

The doctrine of issue preclusion, also known as "collateral estoppel," bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings

---

[2]    The Court also dismisses those claims, for failure to state a claim, for the same reasons that Chief Judge Swain dismissed them in her June 15, 2021, order in *Curcio I*. (*See* ECF 21 CV 4452, 6, at 5-6, 7-8).

are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted, alteration in original). This doctrine "'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (citation omitted); *Fresh Del Monte Produce Inc. v. Del Monte Foods, Inc.*, 2016 WL 236249, at *5 (S.D.N.Y. Jan. 20, 2016) ("It is *issue preclusion*, not claim preclusion, which permits 'an issue of fact or law [ ] actually litigated and determined by a valid and final judgment, and . . . essential to the judgment' to be 'conclusive in a subsequent action between the parties, whether on the same or a different claim.'" (quoting Restatement (Second) of Judgments § 27, p. 250 (1980))) (emphasis in original).[3] A previous dismissal for failure to state a claim is a decision made on the merits for the purpose of future applications of issue preclusion. *See Nealy v. Berger*, 2009 WL 704804, at *10 (E.D.N.Y. Mar. 16, 2009). And a previous dismissal of claims because of an immunity defense can be the basis for a subsequent dismissal of claims under the doctrine of issue preclusion. *See Mir v. Kirchmeyer*, 2021 WL 4484916, at *2 (2d Cir. Oct. 1, 2021) (summary order). As with claim preclusion, the Court may, on its own initiative, raise the defense of issue preclusion. *See Thai-Lao Lignite (Thailand) Co., Ltd.*, 864 F.3d at 191.

---

[3]     Plaintiff will be provided copies of all unpublished opinions cited in this decision.  <u>See</u> *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

In the June 15, 2021, order in *Curcio I*, Chief Judge Swain dismissed Plaintiff's claims for damages under Section 1983 against: (1) Justice Grossman, which arose from his actions while presiding over Plaintiff's state-court divorce and child-custody proceedings, under the doctrine of judicial immunity; (2) Defendant Roberts, in her role as a prosecutor, under the doctrine of prosecutorial immunity; and (3) Defendants Abrams and Roberts, in their roles as attorneys representing Plaintiff's children or her ex-husband, and for their causing Plaintiff's arrest, for failure to state a claim because those defendants are not state actors and because her claims of false arrest were untimely. (ECF 21 CV 4452, 6, at 5-6, 7-8.) Plaintiff had a full and fair opportunity to litigate those claims; she had an opportunity to appeal the dismissal of that action, but did not do so.

In the present action, Plaintiff asserts claims against: (1) Justice Grossman, arising from his ongoing presiding over Plaintiff's state-court child-custody proceeding; (2) Defendant Roberts, arising from her role as a former prosecutor; and (3) Defendants Abrams and Roberts, arising from their ongoing roles in representing Plaintiff's children or her ex-husband. But under the doctrine of issue preclusion, the Court must dismiss these claims because the following issues have already been adjudicated on the merits: (1) Justice Grossman's immunity from suit; (2) Defendant Roberts's immunity from suit, in her role as a prosecutor; and (3) Plaintiff's failure to show that Abrams and Roberts, in their roles as attorneys for Plaintiff's children or ex-husband, are state actors. Accordingly, the Court dismisses Plaintiff's claims against Justice Grossman, and against Defendants Abrams and Roberts, arising from these already adjudicated issues (those claims not previously dismissed because of claim preclusion) for failure to state a

claim.[4] *See Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. 2003) (summary order) (a

dismissal for issue preclusion is a dismissal for failure to state a claim).

## C.      County of Putnam

The Court must also dismiss Plaintiff's claims under Section 1983 against the County of

Putnam. When a plaintiff sues a municipality under Section 1983, such as the County of Putnam,

it is not enough for the plaintiff to allege that one of the municipality's employees or agents

engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the

violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A

municipality or other local government may be liable under this section [1983] if the

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436

U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words,

to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing

---

[4]      The Court also dismisses the following claims for the reasons articulated in Chief Judge
Swain's June 15, 2021, order in *Curcio I*: (1) The Court dismisses Plaintiff's claims for damages
under Section 1983 against Justice Grossman, arising from his ongoing presiding over Plaintiff's
child-custody proceeding, under the doctrine of judicial immunity and as frivolous; and (2) the
Court dismisses Plaintiff's claims for damages under Section 1983 against Defendants Abrams
and Roberts, arising from their ongoing representation of Plaintiff's children or her ex-husband,
for failure to state a claim because neither Abrams nor Roberts is a state actor when representing
the children or Plaintiff's ex-husband. (*See* 21 CV 4452, 6, at 4-6.)

In addition, though not specifically asserted, to the extent that Plaintiff seeks injunctive
relief against Justice Grossman, such claims must also be dismissed. Plaintiff cannot properly
seek injunctive relief against Justice Grossman under Section 1983 because that statute permits
injunctive relief against a judge only if a declaratory decree was violated or declaratory relief is
unavailable. 42 U.S.C. § 1983. Here, Plaintiff may appeal Justice Grossman's decisions to the
New York Supreme Court, Appellate Division, Second Department, and to the New York Court
of Appeals. *See generally Berlin v. Meijias,* 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017)
("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through
an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d
Cir. Apr. 18, 2018) (effective May 18, 2018).

(1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges no facts showing that a policy, custom, or practice of the County of Putnam caused a violation of her federal constitutional rights.[5] The Court therefore dismisses Plaintiff's claims under Section 1983 against the County of Putnam for failure to state a claim.

**D.     Additional claims for relief**

While Plaintiff's complaint ostensibly seeks only damages, the Court liberally construes the complaint as also asking this Court to intervene in Plaintiff's pending state-court child-custody proceeding; the Court understands Plaintiff's complaint as requesting that this Court stay that proceeding and order the return of Plaintiff's children to Plaintiff's custody. The Court must dismiss such claims under the domestic-relations abstention doctrine, the *Younger* abstention doctrine, and the Anti-Injunction Act.

**1.     Domestic-relations abstention doctrine**

Federal district courts must abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues, so long as those claims may be fully and fairly determined in the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court must abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted) *see also Deem v.*

---

[5]     Plaintiff mistakenly asserts that the County of Putnam, a municipality, should be liable for the actions of Justice Grossman, a state-court judge. (ECF 1, at 2.)

*DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("[T]he domestic relations *abstention* doctrine articulated in *American Airlines* [applies in federal-question cases]. And . . . *American Airlines* remains good law in this Circuit.") (emphasis in original), *cert. denied*, 140 S. Ct. 2763 (2020).

Plaintiff has alleged no facts showing that she cannot fully and fairly litigate the issue of the custody of her children in the state courts. Thus, to the extent that Plaintiff asks this Court to order the return of her children to her custody, the Court dismisses such claims under the domestic-relations abstention doctrine.

### 2.   *Younger* abstention doctrine

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). *Younger* abstention is appropriate in only three categories of state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Courts have held that a pending state-court child-custody proceeding falls within either the second or third category of state-court proceedings to which the *Younger* abstention doctrine applies. *See, e.g.*, *Burke v. Reid-Cherry*, 2021 WL 2092669, at *4-5 (S.D.N.Y. May 24, 2021) (third category), *report & recommendation adopted,* 2021 WL 4272350 (S.D.N.Y. Sept. 20, 2021); *Perso v. Perso*, 2019 WL 4415399, at *3 (E.D.N.Y. Sept. 13, 2019) (same); *Torres v. Gaines*, 130 F. Supp.3d 630, 635-36 (D. Conn. 2015) (second category).

Plaintiff fails to allege any facts showing that bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to her pending state-court child-

custody proceeding. Thus, to the extent that Plaintiff asks this Court to intervene in that proceeding, the Court also dismisses those claims under the *Younger* abstention doctrine.

**3.    Anti-Injunction Act**

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, "any injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately" the Supreme Court of the United States. *Id.* The Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).

Plaintiff has alleged nothing to suggest that any of the exceptions to the Anti-Injunction Act's prohibition against federal-court intervention into state-court proceedings applies. The Court therefore additionally dismisses any of Plaintiff's claims in which she asks this Court to stay, or otherwise intervene in, her pending state-court child-custody proceeding under the Anti-Injunction Act.

**E.    Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint (those mentioned in this order's Discussion, Sections "A" through "D") cannot be cured with an

14

amendment, the Court declines to grant Plaintiff leave to amend her complaint. *See Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile."); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

The Court does not discount the seriousness of Plaintiff's allegations or the significant injury that Plaintiff may have experienced due to losing custody of her children. But if Plaintiff is to pursue any relief with regard to the custody of her children, she must seek such relief in the state courts.

**F.      Warning**

In light of Chief Judge Swain's June 15, 2021, order in *Curcio I*, this Court finds that Plaintiff is or should have been aware that her claims for damages in this action against Justice Grossman and Defendants Abrams and Roberts, arising from those defendants' actions associated with Plaintiff's previous and pending state-court divorce and child-custody proceedings, are nonmeritorious. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Accordingly, and because of this Order of Dismissal, the Court warns Plaintiff that if she brings further nonmeritorious litigation in this court against Justice Grossman, Defendant Abrams, or Defendant Roberts, arising from any of those defendants' actions associated with Plaintiff's previous or pending state-court divorce or child-custody proceedings, the Court may bar Plaintiff from filing any new civil action against any of those defendants in this Court, arising from those events, without first obtaining the Court's leave to file. *See* 28 U.S.C. § 1651.

## CONCLUSION

This action is DISMISSED for the reasons set forth above.

Chambers will mail a copy of this Order of Dismissal to plaintiff at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to enter Judgment dismissing this case.

Dated: March 14, 2022
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

16